FILED by ___KS___ D.C.
Mar 8, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **22-20083-CR-WILLIAMS/MCALILEY**

18 U.S.C § 922(l)
26 U.S.C. § 5861
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C)
26 U.S.C. § 5872

UNITED STATES OF AMERICA

vs.

DAVID SCHIEFERLE,

      **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Illegal Importation of a Firearm or Ammunition**
18 U.S.C. § 922(l)

On or about December 1, 2020, in the Southern District of Florida, and elsewhere the defendant,

**DAVID SCHIEFERLE,**

knowingly and without authorization by the Attorney General as provided in 18 U.S.C. § 925(d), imported and brought into the United States, a firearm that is, a silencer; in violation of Title 18, United States Code, Sections 922(1) and 924(a)(1)(C).

## COUNT 2
### Illegal Importation of a Firearm or Ammunition
### 18 U.S.C. § 922(l)

On or about December 14, 2020, in the Southern District of Florida, and elsewhere the defendant,

**DAVID SCHIEFERLE,**

knowingly and without authorization by the Attorney General as provided in 18 U.S.C. § 925(d), imported and brought into the United States, a firearm that is, a silencer; in violation of Title 18, United States Code, Sections 922(l) and 924(a)(1)(C).

## COUNT 3
### Possession of an Unregistered Firearm
### 26 U.S.C. § 5861(d)

On or about December 18, 2020, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**DAVID SCHIEFERLE,**

did knowingly possess a firearm, as that term is defined in Title 26, United States Code, Section 5845(a), which firearm was not registered to the defendant in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841 in violation of Title 26, United States Code, Section 5861(d) and Title 18, United States Code, Section 2.

It is further alleged that the firearm is a silencer as defined in Title 18, United States Code, Section 921.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DAVID SCHIEFERLE**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 922(l), as alleged in Counts 1 and 2 of this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(c).

3.      Upon a conviction of Title 26, United States Code, Section 5861, as alleged in Count 3 of this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in such violation, pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461.

4.      The property subject to forfeiture as a result of the alleged offenses includes but is not limited to: 13 silencers.

All pursuant to the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
STEPHEN J. DEMANOVICH
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

David Schieferle,

        **Defendant.**       /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
- ☑ Miami
- ☐ Key West
- ☐ FTL
- ☐ WPB
- ☐ FTP

New defendant(s)  ☐ Yes  ☐ No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect _____
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days    ☑
   - II   6 to 10 days   ☐
   - III   11 to 20 days   ☐
   - IV   21 to 60 days   ☐
   - V   61 days and over   ☐

   (Check only one)
   - Petty   ☐
   - Minor   ☐
   - Misdemeanor   ☐
   - Felony   ☑

6. Has this case previously been filed in this District Court? (Yes or No) No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) No
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) No

 

_____
Stephen L. Demanovich
Assistant United States Attorney
FLA Bar No.    61120

*Penalty Sheet(s) attached                                                       REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **David Schieferle**

**Case No:** _____

Counts # 1 and 2

Illegal Importation of a Firearm

18 U.S.C. § 922(l)

* **Max. Penalty:** 5 years' imprisonment

Count # 3

Receipt or Possession of a Firearm which is not Registered in the National Firearms Registration and Transfer Record

26 U.S.C. § 5861(d)

* **Max. Penalty**: 10 years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.