IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 22-CR-20083-KMW

UNITED STATES OF AMERICA

v.

DAVID SCHIEFERLE,

    Defendant.
_____/

## DEFENDANT'S DEMAND FOR BRADY EVIDENCE

Defendant DAVID SCHIEFERLE, demands the government provide evidence that may be favorable to the defendant on this issues of guilt within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976), and pursuant to Federal Rule of Criminal Procedure Rule 16(a) and Local Rule 88.10(c).

## BACKGROUND

Solvent traps are not inherently illegal, as opposed to possessing cocaine. Solvent traps may be used legally to trap solvent when cleaning a firearm.[1] Some solvent traps, like the ones seized and the basis of the indictment in this case, require physical modification like drilling a hole in them and creating grooves for placement on the firearm, before they become silencers. To undersigned counsel's knowledge, there are no cases in this Circuit discussing the legality of solvent traps or indictments based upon the theory the government has charged in this case. The messaging from the Bureau of Alcohol Tobacco & Firearms ("ATF") has not been consistent. *See* Letter, Senators to A.G. Garland and Acting Dir. Marvin Richardson, ATF, (Mar. 11, 2022)

---

[1] "Solvent traps are accessories for firearms that prevent the loss of "solvent" from a weapon's barrel during cleaning and reduce the mess associated with cleaning and lubricating a weapon's barrel. Solvent traps can also be converted into mufflers or silencers." *Fosnight v. Jones,* 2019 WL 6522878, n. 1 (S.D. Ind. 2019).

(date of Schieferle's first appearance). Exhibit –1. Furthermore, Richard Vasquez, Schieferle's expert witness and former Acting Chief of the Firearms Technology Branch Assistant Chief (Senior Technical Expert) of the Firearms Technology Branch, and Acting Chief of the Firearms Training Branch at ATF, verifies the inconsistent messaging that ATF has internally when it comes to evaluating solvent traps and other purported silencers. *See* Exhibit – 2.

Defendant Schieferle anticipates filing a motion to dismiss (alternatively, bill of particulars) on the ground that the indictment prosecutes statutes that as applied to him are void for vagueness because they do not put a person of ordinary intelligence on notice as to what is illegal. Meaning, there is inconsistent messaging throughout the government as to whether solvent traps or, at what point the traps should be registered with the ATF. Furthermore, Schieferle anticipates filing a motion to suppress on the grounds that the warrant application sought to search and seize items, that in its present form, is not inherently illegal, nor does the government provide consistent guidance as when such "solvent traps" are deemed illegal. *See United States v. Salas,* 2017 WL 3207804, n. 4 (D. New Mex. 2017) (". . . [T]he government explained that the other suspected silencer that was ultimately ruled out was an oil filter that had been modified, but could also have been a solvent trap used for cleaning firearms. A firearms technology testing lab concluded the oil filter was not intended for use as a silencer because it did not have a hole drilled out of the end"). In the past, ATF also has provided warning, but not arrests or indictments. *See Fosnight v. Jones,* 2019 WL 6522878, *1 & *3 (S.D. Ind. 2019). For the foregoing reasons, Schieferle requests this Court order the government to provide the following.

Specific items sought:

1. ATF technical bulletins and letters on solvent traps.

2. All letters in which the Firearms Technical Branch of ATF explained accidentally shooting through a solvent trap did not create a silencer.

3. ATF emails from the field office in which they notified purchasers of solvent traps that if they registered the solvent trap on a Form 1, it would lawful.

4. All U.S. Customs notifications on solvent traps that inform their agents to only seize the solvent traps.

## MEMORANDUM

"Brady obligates the government to disclose only favorable evidence that is 'material.' The touchstone of materiality is a reasonable probability of a different result." *United States v. Alverado*, 11-20026-CR, 2012 WL 12548963, at *2 (S.D. Fla. Sept. 27, 2012) (citing *United States v. Jordan,* 316 F.3d 1215, 1252 (11th Cir. 2003)). "That is why purely impeachment evidence will not always meet this standard." *Id.* (citing *Hughes v. Hopper,* 629 F.2d 1036, 1039 (5th Cir. 1980); *United States v. Darwin,* 757 F.2d 1193, 1202 (11th Cir. 1985)) ("Suppressed evidence useful only for impeachment purposes is material if its disclosure probably would have resulted in acquittal.").

In this case, the question is whether the actual items of possession, solvent traps are illegal in its seized form. These solvent traps were alleged to have been purchased on the internet, not in person, where Schieferle could see the items before they were purchased. Nothing about the items purchased themselves indicate these are illegal silencers, as opposed to legal solvent traps. Intent is an element that the government will be required to prove at trial.

Furthermore, Schieferle, at the time of the execution of the search warrant, was a Federal Air Marshal. This means, the government trusted Schieferle with a Top Secret Security Clearance and required him to carry a firearm on an airplane. Schieferle purchased legal items that are still legally sold today from a legitimate website. With a few clicks of a mouse, Schieferle lost the trust of the government because he received an item legal to possess that ATF now says could be converted into something the government considers illegal. Full disclosure of the items specified above will likely reveal this prosecution might not be fair based upon the guidance and messaging by the ATF.

## CONCLUSION

This Court should order the government to provide the items specified above because due process demands a full and fair disclosure of the controversy surrounding "solvent traps" as illegal silencers.

Respectfully submitted,

BUSCHEL GIBBONS, P.A.
501 E. Las Olas Blvd., Third Floor
Fort Lauderdale, Florida  33301
Tel:  (954) 530-5748 (direct)
Email: Buschel@BGlaw-pa.com

By: __/s/ Robert C. Buschel_____
ROBERT C. BUSCHEL
Florida Bar No. 0063436

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

                                      BUSCHEL GIBBONS, P.A.

                                      BY: /s/ Robert Buschel
                                      ROBERT C. BUSCHEL

cc: Stephen J. Demanovich , AUSA