

This statement, given under penalty of perjury is true and correct to the best of my knowledge and information, pursuant to 28 U.S.C. § 1746.

## Declaration of Richard Vasquez

I depose and state as follows:

1. My name is Richard Vasquez. I am making this declaration for submission in the case of *United States v. David Schieferle,* 1:22-cr-20083-KMW.

2. I am competent to state and declare the following based on my training, experience, personal knowledge, and prior qualification in federal courts as an expert. If called as a witness, I can testify as follows.

3. Employment History. Currently, I am an independent firearms technology consultant employed by those in the firearm community. In this capacity, I assist manufacturers, dealers, and others in understanding and complying with firearms laws and regulations. Additionally, I provide training on the Gun Control Act and the National Firearms Act to civilian and government organizations.

4. I am a former employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). During my 14-year tenure, I held the positions of Acting Chief of the Firearms Technology Branch ("FTB"), Assistant Chief (Senior Technical Expert) of the FTB, and Acting Chief of the Firearms Training Branch. I provided instruction for ATF personnel on the definitions of firearms in the Gun Control Act ("GCA") and the National Firearms Act ("NFA"). Additionally, I developed a silencer identification course and instructed this course to ATF counsel, special agents, ATF investigators, and numerous federal prosecutors.

5. In these roles at ATF, I was responsible for evaluating firearms, non-firearms, and firearm accessories, consistent with the Standard Operating Procedures ("SOP") of the FTB. I wrote the first generation of these SOPs and was responsible for overseeing determinations on whether a particular item constituted a firearm, non-firearm, or merely a firearm accessory.

6. As a result of my initiative and lack of formalized training on silencers in FTB, in approximately 2003, I initiated training on the understanding

of sound and the proper use and preparation of sound meters. I received authorization to contract Marty Alexander, an engineer from Bruel and Kjaer, to provide formalized training on the study of sound and how to properly calibrate a sound meter for testing. This training resulted in the first official SOPs on testing silencers.

7. In approximately 2011, two engineers from Bruel Kjaer were contracted, along with the purchase of new sound meters, to update the testing ability of the FTB. As a result of this formalized training, the SOP in use by FTB today was developed.

8. During this time, I also collaborated with the association of Firearms and Tool Marks Examiners to create a standardized criteria of what was, in fact, a silencer and what features must a device have to be a silencer.

9. After leaving FTB and taking a position in Field Operations as the Firearms Expert for all field operations in the Firearms Trafficking Branch, where I was the acting Branch Chief, items that were previously classified as silencers, such as solvent traps and muzzle attachments to hold bottles, were no longer classified as a silencer.

10. Prior to 2012, any device with an expansion chamber attached to a firearm muzzle was classified as a silencer. Attachments for soda bottles, such as the SWD pop bottle adaptor, were also classified as silencers as they were: *any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication."* (See 18 U.S.C. § 921(a)(24).)

11. In 2012, FTB reversed course and began classifying muzzle adapters with multiple uses designed to attach a silencer to a muzzle but could be used as a flash suppressor attachment, as no longer being classified as silencers. Additionally, ATF approved the Tipton Solvent Trap and the Cadiz oil filter holder as a solvent trap and non-silencers. At this point, ATF did not overturn the longstanding opinion that the SWD pop bottle attachment was still a silencer. This leaves ATF with inconsistent opinions on the classification of silencers.

2

12. Any plastic bottle attached to a muzzle can act as a silencer since the space created between the walls of the bottle is an expansion chamber. An expansion chamber traps the exploding gases leaving the muzzle, which creates the sound and reduces the sound that we hear. Any oil filter attached to a firearm muzzle will serve as a good silencer since it not only has an expansion chamber, but also has cardboard and wire cones that work extremely well as silencer baffles.

13. Solvent traps, currently being seized, generally do not have a method of being attached to a muzzle nor do they have a center hole drilled through the solvent catching cups where a bullet can pass through. Generally, they are an exterior tube with metal cups that can go inside. To make a silencer from a solvent trap, the cups must all be drilled, and the tube must be threaded to fit the threads on a firearm muzzle. To turn a Tipton solvent catcher into a silencer, it must be simply attached to firearm and fired. It is the same for the Cadiz muzzle adapter and an oil filter.

14. An oil filter has a skin approximately .005 inch in thickness. Any caliber to include the .22 caliber can penetrate that skin and be shot through. Not only will this be a silencer but a very good silencer. An oil filter and a soda bottle solvent trap require no modifications to become a silencer. Therefore, the determination that oil filters and solvent traps are not silencers is inconsistent. The solvent traps in this case require drilling, fitting and threading. With hand tools, this would take approximately 90 minutes for a novice. In the case of the approved non silencer solvent traps, a matter of seconds.

15. Erasing the consistency applied to the classification of silencers and approving solvent traps created the misunderstanding in the public of what is a solvent trap. It is easy to see confusion when ATF also says a Cadiz muzzle attachment with an oil filter is a solvent trap, and in the next breath, if you shoot through it, it is a silencer. With the change in formal opinions, ATF left it up to the public to determine what a solvent trap was. A cottage industry was created where "so called" solvent traps were manufactured or imported by people that did not have knowledge of FTB opinions and have been misled into believing these solvent traps are lawful to own.

16. Using ATF's opinion that if a device is intended for use as a silencer, then it is a silencer, which means they have the ability to call any type of material that can be used to make a silencer, a silencer. If a device is not made to the specifications where it could be used as a silencer, then it is not a silencer. These solvent traps can be used in the construction of a silencer, just as any bottle, oil filter, pvc pipe and screen, but not until they are drilled cut and threaded. The opinion used in the Cadiz muzzle attachment and the oil-can should be the same opinion applied to these solvent traps. Unless they are machined and intended to be use as a silencer, they are only rudimentary components that cannot serve as a silencer until machined.

17. As a result of my knowledge, experience, and training, I have been qualified as an expert by numerous federal and state courts and have provided testimony in a number of cases which include silencer cases. I have instructed silencers, prepared SOPs on testing of silencers, and written many opinions and classifications on silencers. It is my opinion that these solvent traps cannot serve as a silencer until they are machined, cut and threaded to fit onto a firearm.

Richard Vasquez                Dated: ___4.14.2022___

4