**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 22-CR-20083-KMW**

**UNITED STATES OF AMERICA**

**v.**

**DAVID SCHIEFERLE,**

     **Defendant.**

_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S**
**MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

On February 23, 2023, the United States Probation Office issued its Presentence Investigation Report (the "PSI"). (DE 123). The parties agree that the Defendant's base level offense is a 22 and his guideline sentencing range is 41-51 months imprisonment. (DE 123 at ¶ 61).

On May 16, 2023, the Defendant filed a Motion Downward Variance requesting the Court impose a sentence of home detention because of (1) the nature and circumstances of the offense and (2) the Defendant's personal and professional background. (DE 140). The United States opposes a variance after review of the issues raised in the Defendant's motion due to the serious nature and circumstances of the offense and the Defendant's continued refusal to take responsibility for his action despite his personal and professional background. The United States recommends that the Court impose a sentence in the middle of the guidelines range because such a sentence is sufficient but not greater than necessary to serve the purposes set forth in Title 18, United States Code, Section 3553(a).

A. <u>The Nature and Circumstances of the Offense and History and Characteristics of the Defendant</u>

First, the nature and circumstances of this offense are undoubtedly serious. 18 U.S.C. § 3553(a)(1).  The Defendant was convicted of illegally importing and possessing silencers (DE 104).  Silencers are firearms that are heavily regulated in the United States because they eliminate or sharply decrease the sound of a gunshot. "By making gunshots harder to hear or see, silencers diminish the effectiveness of law enforcement and gunshot detection systems. Silencers are inherently dangerous devices that shooters can use to suppress the sound of gunfire and mask muzzle flash."[1] Silencers hinder law enforcement's ability to quickly and effectively respond to active shooters and permit criminals to elude law enforcement, by making it harder to recognize the source of gunshots and gunfire. *Id.*  The hefty regulations surrounding silencer possession and importation exist for good reason.

Yet, as the Defendant's Motion for Variance heralds, he is an Army Reservist, a former police officer, and a longtime United States Air Marshal.  Despite his status as a decorated law enforcement officer, he ignored the law and illegally imported not one, but twelve, silencers from China. He also possessed yet another silencer, which bore no serial number, in his home. He failed to register this silencer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), as required by law. The evidence presented at trial showed that the Defendant has a demonstrated interest and knowledge of silencers. Despite this knowledge and his status as a law enforcement officer, the Defendant deliberately circumvented the regulations and broke the law.

---

[1] *See* "Silencers," Giffords Law Center to Prevent Gun Violence, available at https://giffords.org/lawcenter/gun-laws/policy-areas/hardware ammunition/silencers/#:~:text=By%20making%20gunshots%20harder%20to,gunfire%20and%20mask%20muzzle%20flash (last visited May 18, 2023).

B. <u>The Need to Promote Respect for the Law and Provide Adequate Deterrence to Criminal Conduct</u>

The Defendant's disrespect for the law is made plain by his refusal to accept responsibility for his conduct. 18 U.S.C. § 3553(a)(2)(A). Even after being found guilty of all counts of the Indictment, the Defendant continues to deny his culpability and refuses to accept responsibility for his actions. The Defendant's Motion for Variance is rife with excuses, prevarications, and florid explications that attempt to minimize his illegal conduct. He espouses he is an "internet bargain shopper" that stockpiles items and directs the Court's attention to other legal items he ordered for his farm like air compressors, suggesting that his shopping habits somehow make it more likely that the silencers ended up at his home accidentally (DE 140 at ¶ 3). In his motion, he even goes as far as to invent a new proposed use for the silencers as waterproof storage containers for keys to his shipping containers and/or containers for remote control devices for his farm gates. *Id*. at ¶ 5. Even after the jury concluded the items the defendant possessed and imported were intended to be used as silencers, to this day, the Defendant maintains that the silencers were solvent traps, fuel filters, oil/water separators, or, most recently, storage containers for keys. *Id*. at ¶ 4. There is no end to it. The Defendant has been recalcitrant and unabating in his insistence that the silencers were anything but, despite expert testimony and a unanimous jury verdict to the contrary.

Indeed, the Defendant goes so far as to oppose the United States' Motion for Forfeiture of Property (DE 139), which seeks to have the Defendant forfeit the silencers that were the subject of this case. To be clear, these items were illegal on the day the defendant imported and possessed them. But, more significantly, and as the Court admonished the Defendant on the day the jury returned its verdict, the Defendant is now a convicted felon who is prohibited from owning or possessing any firearm, including a silencer. *See* 18 U.S.C. § 921(a)(25) (including a silencer or suppressor in the definition of a firearm). As noted in the Court's preliminary order of forfeiture

(DE 141), these items are illegal and are subject to forfeiture. The Defendant is now separately prohibited from possessing them because he is a convicted felon. The Defendant's insistence that he is somehow authorized to retain these items similarly demonstrates his recalcitrance. The Court is therefore left with no reason to believe that the Defendant will now suddenly begin to follow the law or be deterred from new criminal conduct.

The Defendant touts his status as a decorated law enforcement officer and submits that this Court should consider that as a mitigating factor at sentencing. In fact, the Defendant's status as such further highlights the significance of his deliberate choices to break the law continued and refusal to accept responsibility. In that respect, his experience as a law enforcement officer is certainly an aggravating factor. Given the Defendant's history and characteristics, the seriousness of the offense, the need to afford adequate deterrence to criminal conduct, and promote respect for the law, the Court should impose a sentence at the middle of the advisory guidelines range, which is sufficient but not greater than necessary.


[This Space Intentionally Left Blank.]

## **CONCLUSION**

**WHEREFORE,** based on the forgoing the United States respectfully requests that the

Court dent the Defendant's motion for variance.

Respectfully submitted

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: */s/ Stephen J. Demanovich*

_____

Stephen J. Demanovich
Assistant United States Attorney
Florida Bar No. 61120
99 NE 4th Ave, 6th Floor
Miami, Florida 33131
Tel: 305-215-0262
Stephen.Demanovich@usdoj.gov

By:_____

Arielle Klepach
Assistant United States Attorney
Court ID No. A5502706
99 NE 4th Ave, 5th Floor
Miami, Florida 33131
Tel: 305-961-9272
Arielle.Klepach@usdoj.gov